Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| EDUARDO MEDINA SÁNCHEZ<br><br>Recurrido<br><br>V.<br><br>ÁNGELES ARZUAGA GÓMEZ<br><br>Peticionaria | KLCE202401297 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2018CV01393 (903)<br><br>Sobre: Liquidación de Comunidad de Bienes Posgananciales |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Jueza Romero García y el Juez Rivera Torres

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

El 2 de diciembre de 2024, compareció ante este Tribunal de Apelaciones, la señora Ángeles Arzuaga Gómez (en adelante, señora Arzuaga Gómez o peticionaria), por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Resolución* emitida y notificada el 6 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud de esta, el foro *a quo* adoptó la *Resolución* sometida por la Comisionada Especial asignada al caso, mediante la cual denegó una solicitud de sentencia declaratoria presentada por la peticionaria.

Por los fundamentos que adelante se exponen, se desestima el recurso de *Certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de Procedimiento Civil.

**I**

Conforme surge del expediente, el 16 de marzo de 2018, el señor Eduardo Medina Sánchez (en adelante, señor Medina Sánchez

o recurrido), presentó una *Demanda* sobre liquidación de comunidad de bienes post gananciales en contra de la señora Arzuaga Gómez. A través de esta, sostuvo que contrajo matrimonio con la peticionaria el 23 de abril de 2005, habiendo otorgado una Escritura de Capitulaciones Matrimoniales, en la cual establecieron un régimen económico mixto. Añadió que, el matrimonio fue disuelto el 30 de septiembre de 2016, mediante sentencia dictada por el Tribunal de Primera Instancia.

Como parte de la *Demanda*, el recurrido incluyó un listado de los activos y los pasivos que habían sido adquiridos para beneficio de la Sociedad Legal de Gananciales. Entre los bienes activos, el señor Medina Sánchez incluyó un apartamento localizado en el Condominio Costa del Sol, sito en Juan Dolio, República Dominicana (en adelante, el Apartamento). Especificó que el mismo había sido vendido, y el producto de su venta se había depositado en una cuenta conjunta de las partes.

El 25 de junio de 2018, la señora Arzuaga Gómez presentó *Contestación a Demanda*.[1] En lo pertinente, la peticionaria admitió que el Apartamento pertenecía a la comunidad de bienes gananciales, que el mismo había sido vendido, y que el producto de su venta había sido depositado en una cuenta conjunta.[2] Junto a su contestación, la peticionaria instó una *Reconvención[3]*. Como parte de sus alegaciones, indicó que tenía varios créditos contra la extinta sociedad de gananciales. Entre ellos, incluyó un crédito por la cantidad de cinco mil dólares ($5,000.00), en concepto de depósito para la compra del Apartamento.

El 29 de junio de 2018, el recurrido presentó su *Contestación a Reconvención*, negando, entre otros, la alegación antes reseñada.[4]

---

[1] Apéndice del recurso de *certiorari*, págs. 5-12.
[2] Véase, alegación número cuatro (4) de la *Contestación a Demanda*, en el Apéndice del recurso de *certiorari*, pág. 5.
[3] Apéndice del recurso de *certiorari*, págs. 9-12.
[4] *Íd.*, págs. 13-16.

Así las cosas, el 9 de septiembre de 2020, notificada al día siguiente, el foro primario emitió *Acta*.[5] A través de esta, hizo constar la celebración de una conferencia telefónica con los representantes legales de las partes, en la que se acordó, entre otros, el nombramiento de la licenciada Heydee Pagani Padró como Comisionada Especial en el caso (en adelante, la Comisionada Especial). Más adelante, el 23 de noviembre de 2020, notificada el 29 de noviembre de 2020, el foro primario emitió *Resolución*, designando formalmente a la Comisionada Especial en el caso.[6]

Posteriormente, el 9 de diciembre de 2020, la peticionaria instó una *Moción en Solicitud de Sentencia Declaratoria para determinar que Propiedad adquirida en Juan Dolio, República Dominicana le pertenecía en su Carácter Privativo al Demandante*.[7] En esencia, sostuvo que el Apartamento le pertenecía exclusivamente al señor Medina Sánchez. En apoyo a su argumento, explicó que, la propiedad constaba inscrita únicamente a nombre del recurrido en el Registro de Títulos de San Pedro de Macorís. De otro lado, indicó que, el Apartamento había sido adquirido con fondos privativos del señor Medina Sánchez. Detalló que, el recurrido había realizado dos (2) pagos con fondos privativos para la compra del Apartamento, por las sumas de ciento setenta y nueve mil dólares ($179,000.00) y cincuenta mil dólares ($50,000.00). Añadió que, este también había aportado privativamente la suma de cinco mil dólares ($5,000.00) en concepto de depósito, más un balance de veintisiete mil dólares ($27,000.00), pagaderos al momento de la entrega de llaves del Apartamento.

---

[5] *Íd.*, pág. 17.
[6] *Íd.*, pág. 18-20.
[7] *Íd.*, págs. 21-31.

Por todo lo anterior, la peticionaria solicitó que se dictara sentencia declarando que el inmueble en cuestión constituía un bien privativo del recurrido.

El 30 de diciembre de 2020, el señor Medina Sánchez presentó *Oposición a "Moción Solicitando Sentencia Declaratoria".*[8] De entrada, precisó que, la peticionaria había omitido incluir información importante, incluyendo la cláusula seis (6) de la Escritura de Capitulaciones Matrimoniales. Conforme surge, la referida cláusula establecía que, los sueldos e ingresos adquiridos durante el matrimonio serían gananciales, y todo lo adquirido con dicho dinero sería ganancial, con excepción de ciertos bienes futuros.[9] El recurrido precisó que, el Apartamento no se encontraba entre dichos bienes futuros pactados.

De otro lado, el señor Mediana Sánchez señaló que, contrario a lo alegado por la peticionaria, los $5,000.00 de depósito para la compra del Apartamento habían sido aportados por ella; y así lo había expresado durante el descubrimiento de prueba.

El 18 de febrero de 2021, el Tribunal *a quo* emitió *Orden* dando por sometida la solicitud de sentencia declaratoria y oposición.[10]

Tras múltiples incidencias procesales innecesarias pormenorizar, el 6 de mayo de 2022, el recurrido presentó escrito intitulado *Moción Solicitando Expresión del Honorable Tribunal/Comisionada.*[11] En esencia, el señor Medina Sánchez solicitó que se emitiera dictamen con respecto a la sentencia declaratoria y su oposición.

El mismo 6 de mayo de 2022, notificada el 9 de mayo de 2022, el foro de instancia dictó *Orden*, refiriendo el asunto a la Comisionada Especial.[12]

---

[8] *Íd.*, págs. 33-98.
[9] *Íd.*, págs. 43-45.
[10] *Íd.*, págs. 99-100.
[11] *Íd.*, págs. 114-115.
[12] *Íd.*, pág. 116.

Tras otros varios trámites procesales, el 26 de octubre de 2023, la Comisionada Especial emitió una *Resolución*.[13] Por medio de esta, denegó la solicitud para que se dictara sentencia declaratoria. Como fundamento, razonó que la propiedad objeto de controversia había sido adquirida con dinero privativo de ambos, por lo que le aplicaba la cláusula número seis (6) de la Escritura de Capitulaciones Matrimoniales. Consecuentemente, determinó que, procedía la celebración de una vista evidenciaria, a los fines de, entre otros, acreditar las cantidades aportadas por cada parte para la compra del Apartamento.

El 7 de marzo de 2024, la Comisionada Especial emitió una *Minuta*.[14] En lo pertinente, señaló que, a raíz de varios asuntos suscitados en una reunión celebrada con los representantes legales de las partes de epígrafe, dictaría una resolución enmendada sobre el asunto de la sentencia declaratoria.

Así pues, el 2 de agosto de 2024, la Comisionada Especial emitió *Resolución*.[15] A través de esta, se reiteró en la denegatoria de la solicitud de sentencia declaratoria. Puntualizó que, las respectivas aportaciones de las partes de epígrafe para la compra del apartamento constituían hechos establecidos. Entiéndase, la aportación privativa de cinco mil dólares ($5,000.00) por parte de la señora Arzuaga Gómez y, la aportación privativa del señor Medina Sánchez, ascendente a doscientos setenta y nueve mil dólares ($279,000.00).

Asimismo, precisó que, en el Acuerdo Privado sobre la Venta de Propiedad[16], suscrito por ambas partes, se acordó expresamente que el Apartamento le pertenecía a la extinta sociedad legal de gananciales. Puntualizó que, las partes habían convenido no

---

[13] *Íd.*, págs. 130-133.
[14] *Íd.*, pág. 137.
[15] *Íd.*, págs. 143-150.
[16] *Íd.*, págs. 82-84.

renunciar a los créditos y/o reclamos que cada uno pudiese tener por aportaciones privativas o gananciales realizadas antes de la fecha de venta del Apartamento; o cualquier otro crédito relacionado a la propiedad. Por último, señaló que, en el Contrato de Compra-Venta del Apartamento[17], el señor Medina Sánchez compareció como parte vendedora por sí y en representación de la señora Arzuaga Gómez.

Así pues, la Comisionada Especial resolvió que, no se descartaba la presunción de gananciales del Apartamento. Además, recomendó a las partes auscultar una posible transacción. Ello, en vista de que, entre estas no existía controversia en que se le adjudicara a cada uno el dinero aportado para la compra del inmueble en cuestión.

El 29 de agosto de 2024, el señor Medina Sánchez solicitó al foro primario que acogiera la determinación emitida por la Comisionada Especial.[18]

En atención a ello, el 16 de septiembre de 2024, el foro primario emitió *Resolución*, "adoptando en su totalidad la RESOLUCIÓN sometida por la Comisionada Especial, e incorporándolos a la presente Resolución."[19]

Insatisfecha, el 23 de septiembre de 2024, la señora Arzuaga Gómez presentó *Moción de Reconsideración de Resolución de 6 de septiembre de 2023*.[20] En su escrito, la peticionaria varió su argumento sobre el depósito de $5,000.00, en tanto reconoció haber aportado dicha suma para la compra del Apartamento. Ante ello, sostuvo que "no existiendo controversia en que la totalidad de los fondos para la compra del inmueble fueron aportados por las partes de sus fondos privativos y que la sociedad legal de gananciales no

---

[17] *Íd.*, págs. 80-81.
[18] *Íd.*, pág. 151.
[19] *Íd.*, págs. 153-161.
[20] *Íd.*, págs. 162-167.

aportó cantidad alguna para la adquisición"[21], procedía determinar que el Apartamento "era un bien privativo de las partes en la proporción en que cada uno aportó para la adquisición"[22].

El 30 de septiembre de 2024, notificada el 1 de octubre de 2024, el tribunal *a quo* emitió *Orden*, concediendo un término de diez (10) días al recurrido para exponer su posición.[23]

En cumplimiento, el 21 de octubre de 2024, el señor Medina Sánchez instó *Oposición a "Moción en Reconsideración de Resolución de 6 de septiembre de 2023"*.[24] A grandes rasgos, el recurrido reprodujo los mismos argumentos esbozados en su oposición a la solicitud de sentencia declaratoria.

Atendidos los escritos, el 1 de noviembre de 2024, notificada ese mismo día, el Tribunal de Primera Instancia emitió *Resolución* declarando No Ha Lugar la solicitud de la peticionaria.[25] Como parte de su dictamen, el foro primario dispuso lo siguiente:

> El tribunal concurre con la Mediadora y Comisionada Especial en no descartar la presunción de gananciabilidad sobre el apartamento 504 del Condominio Costa del Sol II, ubicado en San José de los Llanos en San Pedro de Macorís toda vez que este fue adquirido luego de que las parte[s] contra[j]eran matrimonio y no incluy[é]ndose como una excepción en las capitulaciones matrimoniales. No obstante lo anterior, la Resolución de la Mediadora y Comisionada Especial [223] provee que se les adjudique y reembolse a las partes, el dinero que aportaron para la compra del inmueble. Lo anteriormente dispuesto no limita a las partes a presentar sus objeciones al informe final que un día pueda presentar la Mediadora y Comisionada Especial conforme a la Regla 41.5, de las partes no lograr llegar a una estipulación. *Íd.*

Aún insatisfecha, el 2 de diciembre de 2024, la señora Arzuaga Gómez acudió ante este foro mediante recurso de *Certiorari* y realizó los siguientes señalamientos de error:

> ERRÓ EL TPI AL DETERMINAR QUE UNA PROPIEDAD INMUEBLE ADQUIRIDA POR LAS PARTES DURANTE LA VIGENCIA DEL MATRIM[O]NIO, CON FONDOS

---

[21] *Íd.*, pág. 166.
[22] *Íd.*
[23] Apéndice del recurso de *certiorari*, pág.168.
[24] *Íd.*, págs. 169-182.
[25] *Íd.*, págs. 184-185.

PRIVATIVOS DE CADA UNO, ES DE NATURALEZA GANANCIAL.

ERRÓ EL TPI AL FUNDAMENTAR QUE LA PROPIEDAD ES DE NATURALEZA GANANCIAL EN EL HECHO QUE LA MISMA NO ES UNA DE LAS IDENTIFICADAS EN LAS CAPITULACIONES MATRIMONIALES COMO UNO DE LO BIENES FUTUROS QUE SERÍAN PRIVATIVOS.

ERRÓ EL TPI AL FUNDAMENTAR QUE LA PROPIEDAD ES DE NATURALEZA GANANCIAL POR EL HECHO DE QUE EN LA CLÁUSULA 6 DE LAS CAPITULACIONES MATRIMONIALES, QUE DISPONE QUE LOS SUELDOS E INGRESOS DE LAS PARTES SERÍAN GANANCIALES Y LO QUE CON ELLO ADQUIRIERAN TAMBIÉN SERÍA GANANCIAL, IGNORANDO EL HECHO DE QUE LOS FONDOS UTILIZADOS PARA LA ADQUISICIÓN DE LA PROPIEDAD NO PROVINIERON DE SUELDOS Y SALARIOS SINO DE FONDOS PRIVATIVOS, SEGÚN ESTIPULADO POR LAS PARTES, Y QUE LAS CLÁUSUAS DOS Y SEIS DISPONÍAN QUE LOS FRUTOS DE LOS BIENES PRIVATIVOS SERIAN TAMBIÉN PRIVATIVOS.

El 12 de diciembre de 2024, el señor Medina Sánchez compareció por medio de *Oposición a la Expedición del Auto de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, estamos en posición de disponer del recurso ante nuestra consideración.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[26]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4

---

[26] Véase también, *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).

LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no

ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha

expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**III**

Como tribunal apelativo, en primer lugar, nos encontramos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado ante nos. Por ello, en el caso de marras, nos corresponde determinar en primera instancia, si el promovente del recurso ha planteado un asunto comprendido en alguna de las excepciones de la Regla 52.1 de Procedimiento Civil, *supra.* Veamos.

Como mencionáramos, la señora Arzuaga Gómez nos solicita la revisión de una *Resolución* donde el Tribunal de Primera Instancia adoptó la *Resolución* sometida por la Comisionada Especial.

A la luz de la norma jurídica antes reseñada, nos es forzoso concluir que, tal dictamen interlocutorio no se encuentra comprendido dentro de nuestro estado de derecho procesal.

Así pues, luego de evaluar detenidamente el recurso presentado por la peticionaria, colegimos que no procede la expedición del auto solicitado. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, la peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.[27]

**IV**

Por los fundamentos que anteceden, se desestima el recurso de *Certiorari* al no satisfacer los criterios establecidos en la Regla 52.1 de Procedimiento Civil.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[27] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*